1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. KEENAN and JUDY M. KEENAN,<br><br>                                   Plaintiff,<br><br>          vs.<br><br>PETER W. BOWIE, individually and in his alleged official capacity as Judge of the United States Bankruptcy court for the Southern District of California,<br><br>                                   Defendant. | CASE NO. 06cv2086 JM(BLM)<br><br>ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE |

Defendant Judge Peter W. Bowie ("Judge Bowie") moves to dismiss the complaint on the ground of judicial immunity. Plaintiffs James and Judy Keenan oppose the motion. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the motion to dismiss is granted with prejudice and without leave to amend.

## BACKGROUND

On September 25, 2006 Plaintiffs, proceeding in propria persona, filed a complaint against Judge Bowie for declaratory relief, injunctive relief, violation of civil rights under 42 U.S.C. §1983, and violation of Rico. All of Plaintiffs' claims arise from the January 1996 filing of their petition for reorganization under Chapter 11 of the Bankruptcy Code. Plaintiffs' bankruptcy case was presided over by Judge Bowie. (Compl. ¶7). Plaintiff alleges that Judge Bowie appointed trustee Ross M. Pyle ("Trustee"), as the Chapter 11 Trustee. (Compl. ¶8).

Plaintiffs' bankruptcy estate included significant interests in real estate, estimated at about $100 million. (Compl. ¶12). The Trustee proposed a liquidating plan, instead of a reorganization plan, and Judge Bowie approved the liquidating plan. (Compl. ¶10). Plaintiffs generally allege Judge Bowie "issued certain [] orders which were unconstitutional and without subject matter jurisdiction, but not limited to, an order purporting to limit and neutralize Plaintiffs' constitutional right to petition for redress of grievances." (Compl. 13). Judge Bowie also allegedly violated Plaintiffs' constitutional rights when he "refused to order the return of the estate because of statements by JAMES KEENAN to the effect that Pyle breached his fiduciary obligations and that appropriate remedies would be sought," by setting an "arbitrary statute of limitations contrary to federal statutes," and by assuming jurisdiction over future proceedings "regardless of whether such proceedings are properly within the jurisdiction of other courts." (Compl. ¶13).

Plaintiff alleges that Trustee sold assets totaling $26,972,500 to pay total creditor claims of about $3,000,000. Total fees paid to the Trustee, Trustee's attorneys, and other court appointed professionals exceed $18,000,000. (Compl. ¶10).

Based upon the above generally described conduct, Plaintiffs allege four claims for declaratory relief, injunctive relief, violation of 42 U.S.C. §1983, and RICO. The declaratory relief claim seeks a declaration from this court that all acts taken by Judge Bowie in the underlying bankruptcy proceedings are void because they are extra-judicial acts. Plaintiffs alleges that Judge Bowie and Trustee "are associated with one another both professionally and socially." (Compl. ¶15). Plaintiffs allege that Judge Bowie approved a plan which "purports to exculpate and indemnify Pyle (and others) for their professional negligence, authorized the Trustee to take control of certain assets, failed to discharge the Satten judgment for fraud, issued orders not directed to parties in this action, and prevented Plaintiffs from fully litigating their claims against Trustee. (Compl. ¶¶18-24).

/ / /

1    Judge Bowie moves to dismiss the complaint on the ground of judicial immunity.

2    In their opposition, Plaintiffs do not address the issue of qualified immunity but request

3    leave to amend without specifying the nature of any amendment.

4                                          DISCUSSION

5    **Legal Standards**

6    Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in

7    "extraordinary" cases.  United States v. Redwood City, 640 F.2d 963, 966 (9th Cir.

8    1981).  Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a

9    "cognizable legal theory" or sufficient facts to support a cognizable legal theory.  See

10   Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  Courts should not

11   dismiss a complaint "unless it appears beyond doubt that plaintiff can prove no set of

12   facts in support of his claim which would entitle [the party] to relief."  Moore v. City

13   of Costa Mesa, 886 F.2d 260, 262 (9th Cir. 1989) (quoting Conley v. Gibson, 355 U.S.

14   41, 45-46 (1957)), cert. denied, 496 U.S. 906 (1990).  The defect must appear on the

15   face of the complaint itself.  Thus, courts may not consider extraneous material in

16   testing its legal adequacy.  See Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th

17   Cir. 1991).  The courts may, however, consider material properly submitted as part of

18   the complaint.  See Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542,

19   1555 n.19 (9th Cir. 1989).

20   Finally, courts must construe the complaint in the light most favorable to the

21   plaintiff.  See Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed,

22   116 S. Ct. 1710 (1996).  Accordingly, courts must accept as true all material allegations

23   in the complaint, as well as reasonable inferences to be drawn from them. See Holden

24   v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992).  However, conclusory allegations

25   of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion.

26   See In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

27   / / /

28   / / /

**Qualified Immunity**

It is well established that judges are generally immune from suit for equitable and legal relief. See Mireles v. Waco, 502 U.S. 9, 9-10 (1991); Mullis v. U.S. Bankruptcy Court for the District of Nevada, 828 F.2d 1385, 1394 (9th Cir. 1987).  Absolute judicial immunity extends to all judicial acts taken within the subject matter jurisdiction of the court.  Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir. 1996).  Whether the complained of conduct was a "judicial act" turns on "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and . . . the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity."  Stump v. Sparkman, 435 U.S. 349, 362 (1978).  The court considers the following factors in the determination of whether a particular act is judicial in nature:

> (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity.

Duvall v. County of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001).

The court concludes that Judge Bowie is entitled to absolute judicial immunity because he was acting in a judicial capacity at all relevant times.  The court addresses separately the specific allegations of challenged acts from Plaintiffs' generalized allegations of challenged acts.  Among the specifically alleged challenged acts, Plaintiffs challenge the actions taken by Judge Bowie with respect to confirming a plan of reorganization, approving a liquidation plan, estate administration, approval of payments to creditors, dismissal of an appeal, and approval of a plan to indemnify the bankruptcy trustee. (Compl. ¶¶10 - 25).  These identified acts are clearly within the bankruptcy court's subject matter jurisdiction under 28 U.S.C. §§151 and 1331.  Moreover, ruling on these requests for relief is a normal judicial function, concerning matters directly before Judge Bowie within the scope of his bankruptcy court jurisdiction.  Accordingly, Judge Bowie is entitled to absolute judicial immunity with respect to the specifically alleged challenged judicial acts.

Among the generally alleged acts, Plaintiffs allege that Judge Bowie "issued certain other orders which were unconstitutional and without subject matter jurisdiction including, but not limited to, an order purporting to limit and neutralize Plaintiffs' constitutional right to petition for redress of grievances." (Compl. ¶13); acted with the bankruptcy trustee "in collusion with one another, thereafter set out on a deliberate course of conduct designed to deprive Plaintiffs of their constitutional rights and their property," Compl. ¶16); and "all orders issued in Bankruptcy Case No. 96-00871 are void because they are extra-judicial acts, because they were illegally issued due to bias and prejudice, because Defendant PETER W. BOWIE was without subject matter and personal jurisdiction, because they were done in furtherance of the criminal conspiracy to unlawfully deprive Plaintiffs of their property and other constitutional rights." (Compl. ¶25). These conclusory allegations are insufficient to deflect the sweep of judicial immunity. Broad claims of conspiracy, bad faith, personal interest or other improper motive do not defeat judicial immunity. See Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986). Further, claims by a debtor that the bankruptcy court, its clerks, and its judges generally violated their constitutional rights fail to establish that the bankruptcy court acted in the clear absence of jurisdiction. As noted in Mullis, by taking action on his bankruptcy petition the court did not act in the "clear absence of jurisdiction." 828 F.2d at 1389. The court concludes that the generally challenged acts taken by Judge Bowie may, at most, reflect errors or acts in excess of jurisdiction, not acts in clear absence of jurisdiction. Accordingly, Judge Bowie is entitled to absolute judicial immunity for all generally alleged acts of wrongdoing.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Finally, the court denies Plaintiffs' request for leave to amend as there appears to be no circumstances under which Plaintiffs can plead around the absolute judicial immunity bar.  In sum, the motion to dismiss is granted with prejudice and without leave to amend.

**IT IS SO ORDERED.**

DATED:  May 14, 2007

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All Parties